Judge:
Harold A Baker
Room 309

IN THE United States District Court
For the Central District Court of Illinois

Daniel P. Frauenreder )
    Plaintiff )
vs. )   Case No. 08-1093
Patrick D. Durkin et al )
    Defendant )

FILED
AUG 14 2008
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TO THE CLERK OF THE COURT;

I talked to my counsler today; she told me to get ahold of the clerk; to give this phone number (309) 647-7030 ext 647 contact L. Andrews the Legal Litigator prior to my court date, to set up so I can have a conference call on September 19, 2008 at or when my case comes up (10:00AM tor-)

Sincerly Respectfully Submitted,
Signed; Daniel P. Frauenreder # R00162
Dated; August 12, 2008

I, Daniel P. Frauenreder, swear under penalty of perjury, that I served a copy of this document
Signed: Daniel P. Frauenreder
Dated: August 12, 2008

Illinois River Correctional Center, P.O. Box 1900, Canton, Ill, 61520

Judge:
Harold A. Baker
Room 309

IN THE United States District Court
For The Central District Court of Illinois

| | |
|---|---|
| Daniel P. Frauenreder<br>Plaintiff<br>V.S.<br>Patrick D. Durkin et al.<br>Defendant | Plaintiff's First Production<br>of Deliberate Indifferences<br><br>Case No. 08-1093 |

TO THE CLERK OF THE COURT;

Prison officials violated the 8th Ammendment when they acted with deliberate indifferences. (Helling vs. McKinney § 509 U.S. 25-33) (1993).

Prison officials acted w/ deliberate indifferences. (Farmer V.S. Brennan § 511 U.S. 825-835 (1994)

I, Daniel P. Frauenreder, swear under penalty of perjury, that I served a copy of this Document,

Signed: Daniel P. Frauenreder
dated: August 12, 2008

Illinois River Correctional Center, P.O. Box 1900, Canton, Ill., 61520

Judge:
Harold A. Baker
Room # 309

*Production

In the United States District Court
For The Central District Court of Illinois

---x

Daniel P. Frauenreder )
  Plaintiff )
       vs. )         Plaintiff's First Request
Patrick D. Durkin et al )   for Production of Documents
  Defendant )
                      )    Civil Act No. 08-1093
---x

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, requests that Defendant's (Patrick D. Durkin, Stephen Wright) produce for inspection and copying, the following Documents:

1.) The complete prison Records of all Plantiff.

2.) All written statements, originals, or copies, identifible as Reports about the incident on 08/23/07, made by prison, and civilian employees or the Illinois Department of Correction's and prisoner witnesses.

3.) Any and all medical Records of Plaintiff from the time of his incarceration in Henry Hill Correctional Institution through and including the date of your response to this request.

4.) Any and all Rules, Regulations, and policies of the Illinois Department of Correction's about treatment of prisoners with acid-reflux

5) Release Form on 01/07/08 to Cook County Jail.

Signed: Daniel P. Frauenreder  # R00162
Dated: August 12, 2008

* I, Daniel P. Frauenreder, swear under penalty of perjury that I served a copy of this Document
           Signed: Daniel P. Frauenreder
           Dated: August 12, 2008

Illinois River Correctional Center  P.O. Box 1900 Canton Illinois 61520

Judge;
Harold A. Baker
Room 309

IN THE United States District Court
FOR The Central District Court of Illinois

| | |
|---|---|
| Daniel P. Frauenreder<br>Plaintiff<br>Vs.<br>Patrick D. Durkin Et al<br>Defendant | Plaintiff's First Production of Discovery<br><br>Case No. 08-1093 |

TO THE CLERK OF THE COURT;

I was Released on Aug. 23, 2006. I was out of prison (2) months on M.S.R., I caught a new case, I was previously sentenced to 3yrs to (I.D.O.C.) I had 1YR of parole M.S.R., See (Exhibit I § 730-ILCS 5/3-3-10, section 3-3-8 #1 and #2). I violated my parole M.S.R., I was incarcerated at (Cook County Jail), I was then sent back to (I.D.O.C.) to complete my M.S.R., my max M.S.R. parole Release date was Aug. 23, 2007. (SEE Exhibit II my mittimus pg. 4 of 8) from my previous case, I wrote a grievance to my counselor, he wrote (SEE Exhibit "A" + "B".)

They kept me <u>Deliberatly</u> until 01/07/08, my new cases were still not Resolved. They transported me from Henry Hill Correctional Center, then they took me to Stateville Correctional Center, then they Released me to Cook County Sheriff. I was held for 137 Days past my M.S.R. max Release date. I was held as a prisoner, not as a detainee. They also violated the 14th Amendment of Due Process according to the Seventh Circuit (SEE Exhibit III BELL VS. WOLFISH § 441-U.S. 520 (1979) be awarded as actual damage's under the loss of a chance doctrine. (SEE Exhibit IV § 4:09, 3:68, 4-35).

* I, Daniel P. Frauenreder, swear under penalty of perjury that I served a copy of this Document.

signed: Daniel P. Frauenreder #R00162
dated: August 12, 2008

Illinois River Correctional Center, P.O. Box 1900, Canton, Illinois, 61520

805            **CORRECTIONS**            730 ILCS 5/3–3–11.05

**Formerly** Ill.Rev.Stat.1991, ch. 38, ¶ 1003–3–9.

P.A. 94–696 incorporated amendments made by P.A. 94–161 and P.A. 94–165.

### 5/3–3–10. Eligibility after Revocation; Release under Supervision

§ 3–3–10. Eligibility after Revocation; Release under Supervision. (a) A person whose parole or mandatory supervised release has been revoked may be reparoled or rereleased by the Board at any time to the full parole or mandatory supervised release term under Section 3–3–8, except that the time which the person shall remain subject to the Board shall not exceed (1) the imposed maximum term of imprisonment or confinement and the parole term for those sentenced under the law in effect prior to the effective date of this amendatory Act of 1977 or (2) the term of imprisonment imposed by the court and the mandatory supervised release term for those sentenced under the law in effect on and after such effective date.

(b) If the Board sets no earlier release date:

(1) A person sentenced for any violation of law which occurred before January 1, 1973, shall be released under supervision 6 months prior to the expiration of his maximum sentence of imprisonment less good time credit under Section 3–6–3;

(2) Any person who has violated the conditions of his parole and been reconfined under Section 3–3–9 shall be released under supervision 6 months prior to the expiration of the term of his reconfinement under paragraph (a) of Section 3–3–9 less good time credit under Section 3–6–3. This paragraph shall not apply to persons serving terms of mandatory supervised release.

(3) Nothing herein shall require the release of a person who has violated his parole within 6 months of the date when his release under this Section would otherwise be mandatory.

(c) Persons released under this Section shall be subject to Sections 3–3–6, 3–3–7, 3–3–9, 3–14–1, 3–14–2, 3–14–2.5, 3–14–3, and 3–14–4.

P.A. 77–2097, § 3–3–10, eff. Jan. 1, 1973. Amended by P.A. 77–2827, § 1, eff. Jan. 1, 1973; P.A. 78–255, § 61, eff. Oct. 1, 1973; P.A. 80–1099, § 3, eff. Feb. 1, 1978; P.A. 94–165, § 5, eff. July 11, 2005.

**Formerly** Ill.Rev.Stat.1991, ch. 38, ¶ 1003–3–10.

### 5/3–3–11. § 3–3–11. Repealed by P.A. 92–571, § 110, eff. June 26, 2002

### 5/3–3–11.05. State Council for the State of Illinois

§ 3–3–11.05. State Council for the State of Illinois.

(a) Membership and appointing authority.

(1) A State Compact Administrator shall be appointed by the Governor. The Compact Administrator shall be a representative of the Illinois Department of Corrections and shall serve as Chairperson of the State Council, as well as act as the day-to-day administrator for the Interstate Compact for Adult Offender Supervision.[1] The State Compact Administrator shall serve as the State's Commissioner to the Interstate Commission as provided in Article IV of the Compact.

(2) A Deputy Compact Administrator from probation shall be appointed by the Supreme Court.

(3) A representative shall be appointed by the Speaker of the House of Representatives.

(4) A representative shall be appointed by the Minority Leader of the House of Representatives.

(5) A representative shall be appointed by the President of the Senate.

(6) A representative shall be appointed by the Minority Leader of the Senate.

(7) A judicial representative shall be appointed by the Supreme Court.

(8) A representative from a crime victims' advocacy group shall be appointed by the Governor.

(9) A parole representative shall be appointed by the Director of Corrections.

(10) A probation representative shall be appointed by the Director of the Administrative Office of the Illinois Courts.

(11) The persons appointed under clauses (1) through (10) of this subsection (a) shall be voting members of the State Council. With the approval of the State Council, persons representing other organizations that may have an interest in the Compact may also be appointed to serve as non-voting members of the State Council by those interested organizations. Those organizations may include, but are not limited to, the Illinois Sheriffs' Association, the Illinois Association of Chiefs of Police, the Illinois State's Attorneys Association, and the Office of Attorney General.

(b) Terms of appointment.

(1) The Compact Administrator and the Deputy Compact Administrator from Probation shall serve at the will of their respective appointing authorities.

(2) The crime victims' advocacy group representative and the judicial representative shall each serve an initial term of 2 years. Thereafter, they shall each serve for a term of 4 years.

(3) The representatives appointed by the Speaker of the House of Representatives, the President of the Senate, the Minority Leader of the House of Representatives, and the Minority Leader of the Senate shall each serve for a term of 4 years. If one of these representatives shall not be able to fulfill the completion of his or her term, then another representative shall be appointed by his or her respective appointing authority for the remainder of his or her term.

(4) The probation representative and the parole representative shall each serve a term of 2 years.

(c) Duties and responsibilities.

(1) The duties and responsibilities of the State Council shall be:

(A) To appoint the State Compact Administrator as Illinois' Commissioner on the Interstate Commission.

(B) To develop by-laws for the operation of the State Council.

(C) To establish policies and procedures for the Interstate Compact operations in Illinois.

(D) To monitor and remediate Compact compliance issues in Illinois.

(E) To promote system training and public awareness regarding the Compact's mission and mandates.

(F) To meet at least twice a year and otherwise as called by the Chairperson.

(G) To allow for the appointment of non-voting members as deemed appropriate.

(H) To issue rules in accordance with Article 5 of the Illinois Administrative Procedure Act.[2]

(I) To publish Interstate Commission rules.

(d) Funding. The State shall appropriate funds to the Department of Corrections to support the operations of the State Council and its membership dues to the Interstate Commission.

(e) Penalties. Procedures for assessment of penalties imposed pursuant to Article XII of the Compact shall be established by the State Council.

(f) Notification of ratification of Compact. The State Compact Administrator shall notify the Governor and Secretary of State when 35 States have enacted the Compact. P.A. 77-2097, § 3-3-11.05, added by P.A. 92-571, § 110, eff. June 26, 2002.

[1] 5 ILCS 170/1 et seq.
[2] 5 ILCS 100/5-5.

### 5/3-3-11.1. State defined

§ 3-3-11.1. State defined. As used in Sections 3-3-11.05 through 3-3-11.3, unless the context clearly indicates otherwise, the term "State" means a state of the United States, the District of Columbia, and any other territorial possessions of the United States.
P.A. 77-2097, § 3-3-11.1, eff. Jan. 1, 1973. Amended by P.A. 92-571, § 110, eff. June 26, 2002.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-11.1.

### 5/3-3-11.2. Force and Effect of Compact

§ 3-3-11.2. Force and Effect of Compact. When the Governor of this State shall sign and seal this compact or any compact with any other State, pursuant to the provisions of this Act, such compact or compacts as between the State of Illinois and such other State so signing shall have the force and effect of law immediately upon the enactment by such other State of a law giving it similar effect.
P.A. 77-2097, § 3-3-11.2, eff. Jan. 1, 1973.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-11.2.

### 5/3-3-11.3. Compacts for Crime Prevention and Correction

§ 3-3-11.3. Compacts for Crime Prevention and Correction. The Governor of the State of Illinois is further authorized and empowered to enter into any other agreements or compacts with any of the United States not inconsistent with the laws of this State or of the United States, or the other agreeing States, for co-operative effort and mutual assistance in the prevention of crime and in the enforcement of the penal laws and policies of the contracting States and to establish agencies, joint or otherwise, as may be deemed desirable for making effective such agreements and compacts. The intent and purpose of this Act is to grant to the Governor of the State of Illinois administrative power and authority if and when conditions of crime make it necessary to bind the State in a cooperative effort to reduce crime and to make the enforcement of the criminal laws of agreeing States more effective, all pursuant to the consent of the Congress of the United States heretofore granted.
P.A. 77-2097, § 3-3-11.3, eff. Jan. 1, 1973.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-11.3.

### 5/3-3-11.4. Notification of Compact Administrator of sending State of parole or probation violations

§ 3-3-11.4. Where supervision of an offender is being administered pursuant to the Interstate Compact for Adult Offender Supervision [1], the appropriate judicial or administrative authorities in this State shall notify the Compact Administrator of the sending State whenever, in their view, consideration should be given to retaking or reincarceration for a parole or probation violation. Prior to the giving of any such notification, a hearing shall be held within a reasonable time as to whether there is probable cause to believe that the offender has violated a condition of his parole or probation, unless such hearing is waived by the offender by way of an admission of guilt. The appropriate officer or officers of this State shall as soon as practicable, following termination of any such hearing, report to the sending State, furnish a copy of the hearing record, and make recommendations regarding the disposition to be made of the offender.
P.A. 77-2097, § 3-3-11.4, added by P.A. 78-939, § 1, eff. Nov. 14, 1973. Amended by P.A. 92-571, § 110, eff. June 26, 2002.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-11.4.

[1] 45 ILCS 170/1 et seq.

### 5/3-3-11.5. Sex offender restrictions

§ 3-3-11.5. Sex offender restrictions.

(a) Definition. For purposes of this Act, a "sex offender" is any person who has ever been convicted of a sexual offense or attempt to commit a sexual offense, and sentenced to a term of imprisonment, periodic imprisonment, fine, probation, conditional discharge or any other form of sentence, or given a disposition of court supervision for the offense; or adjudicated or found to be a sexually dangerous person under any law substantially similar to the Sexually Dangerous Persons Act.[1]

(b) Residency restrictions. No sex offender shall be accepted for supervised or conditioned residency in Illinois under the Interstate Compact for Adult Offender Supervision [2] unless he or she:

(1) Complies with any registration requirements imposed by the Sex Offender Registration Act [3] within the times prescribed and with law enforcement agencies designated under that Act;

(2) Complies with the requirements of paragraph (a)(5) of Section 5-4-3 of the Unified Code of Corrections [4] relating to the submission of blood specimens for genetic marker grouping by persons seeking transfer to or residency in Illinois; and

(3) Signs a written form approved by the Department of Corrections which, at a minimum, includes the substance of this Section or a summary of it and an acknowledgement that he or she agrees to abide by the conditions set forth in that document and this Section.

P.A. 77-2097, § 3-3-11.5, added by P.A. 89-8, Art. 15, § 15-10, eff. Jan. 1, 1996. Amended by P.A. 92-571, § 110, eff. June 26, 2002.

[1] 725 ILCS 205/0.01 et seq.
[2] 45 ILCS 170/1 et seq.
[3] 730 ILCS 150/1 et seq.
[4] 730 ILCS 5/5-4-3.

### 5/3-3-12. Parole Outside State

§ 3-3-12. Parole Outside State. The Prisoner Review Board may assign a non-resident person or a person whose family, relatives, friends or employer reside outside of this State, to a person, firm or company in some state other than Illinois, to serve his parole or mandatory supervised release pursuant to the Interstate Compact for Adult Offender Supervision.[1] An inmate so released shall make regular

Daniel P. Frauenreder
#R00162

(EXHIBIT II)

July 28, 2008 (pg. 1 of 8)

Attention; Gary King,

I was incarcerated at DuPage County Jail in 2005. My case was possesion of cocaine. I violated probation, Judge Bakalis sentenced me to 3 yrs. to I.D.O.C., a class 4 felony aprox. around 09/05. Can you please send me my mittimus to me. My Outdate was 08/23/06.

Sincerly

Daniel P. Frauenreder
#R00162

P.S. When writing back, please put my I.D.O.C. #R00162 under my name on front of envelope. Thank You

MITTIMUS - FAILURE TO GIVE BAIL   (EXHIBIT II)   (pg 2 of 8)   1041 (Rev. 7/00)

STATE OF ILLINOIS — UNITED STATES OF AMERICA — COUNTY OF DU PAGE
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS
-VS-
Daniel Frauenrieder
DEFENDANT

CASE NUMBER: 04 CF 1372

**MITTIMUS FAILURE TO GIVE BAIL**


FILED 05 SEP -6 AM 10:55 CLERK OF THE 18TH JUDICIAL CIRCUIT DU PAGE COUNTY, ILLINOIS

**TO THE SHERIFF OF DU PAGE COUNTY:**

You are hereby commanded to receive the above Defendant into your custody, and safely keep for examination or arraignment before this Court and keep until, or unless discharged by due process of law, and for so doing, this shall be your sufficient warrant.

OFFENSE: Unlawful Poss - Cont'd Substance
COURT DATE: 9-19-05   TIME: 8:30 am M., ROOM NO. 4006
LOCATION: 505 N. County Farm Road, Wheaton, Illinois   BAIL SET AT $ 20,000.00 (10%)

Check box if status date is applicable to this Mittimus
☒ STATUS CHECK DATE 9-19-05 AT 8:30 A.M., COURTROOM 4006
LOCATION: 501 N. County Farm Road, Wheaton, Illinois (Sheriff's Office)
DATE: 9-6-05   ENTER: [signature] JUDGE

**DEFENDANT INFORMATION**   Document Control Number _____

Defendant's Name - Last, First, Middle    ☐ Male  ☐ Female   Race

Defendant's Address    City    State   Zip   Telephone

Originating Department or Municipal Number: _____

Jail Number: _____

Jailer Fee: $ _____

Executed the within Mittimus by taking the body of the within Defendant and delivering to the keeper of the common jail of said County _____.

Peace Officer: _____

Received the within named defendant into my custody, at the common jail of said County this ___/___/___

Sheriff of DuPage County   SEP 07 2005

JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707
ORIGINAL: CIRCUIT CLERK   COPIES TO: STATE'S ATTORNEY   SHERIFF   DEFENDANT

(EXHIBIT II) (Pg. 3 of 8)

ORDER                                                                1035 (Rev. 9/99)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | |

PEOPLE OF THE STATE OF ILLINOIS

CASE NUMBER: 04 CF 1372

-VS-

Daniel Frauenreder

DEFENDANT(S)

FILED 05 SEP -6 AM 10:55
CLERK OF THE 18TH JUDICIAL CIRCUIT
DU PAGE COUNTY, ILLINOIS

## ORDER

This cause having come on to be heard upon the motion of the _____
and the Court being fully advised in the premises, having jurisdiction of the subject matter:
IT IS HEREBY ORDERED Defendant being taken into custody,
Bond set on the PTR $20,000.00 (10%).

Name: DD
DuPage Attorney No.: 50000
Attorney For: SAO
Address: _____
City/State/Zip: _____
Telephone: _____

ENTER: [signature]
JUDGE
Date: 9-6-05

SEP 07 2005

JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

IMAGED 09/08/2005

(EXHIBIT II)   PAGE 8 OF 7   (pg. 4 of 8)

| JUDGMENT - SENTENCE TO IDOC | | 2153 (08/05) |
|---|---|---|
| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

**People of the State of Illinois**

-vs-

Daniel P. Frauenneder
DEFENDANT

CASE NUMBER: 04 CF 1372

FILED 05 OCT -4 AM 11:09 CLERK OF THE 18TH JUDICIAL CIRCUIT DU PAGE COUNTY, ILLINOIS

IMAGED 10/06/2005

## JUDGMENT - SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

Date of Sentence  10-4-05    Date of Birth  12-13-58    Victim's Date of Birth _____

WHEREAS the above-named defendant has been adjudged guilty of the offenses enumerated below.

IT IS THEREFORE ORDERED that the defendant be and hereby is sentenced to confinement in the Illinois Department of Corrections for the term of years and months specified for each offense.

| COUNT | OFFENSE | DATE OF OFFENSE | STATUTORY CITATION | CLASS | SENTENCE | MSR |
|---|---|---|---|---|---|---|
| 1 | UPCS | | 570/402(c) | | 3 Yrs. ___ Mos. | 1 Yrs. |

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

___ ___ ___ ___ ___ ___ Yrs. ___ Mos. ___ Yrs.

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

___ ___ ___ ___ ___ ___ Yrs. ___ Mos. ___ Yrs.

The Court finds that the defendant is:

☐ Convicted of a class _____ offense but **sentenced as a class X offender** pursuant to 730 ILCS 5/5-5-3(c) (8).
   The Court further finds that the defendant is entitled to receive **credit for time actually served in custody** (of _____ days as of the date of this order) from (specify dates) _____.
☐ The Court further finds that the conduct leading to conviction for the offenses enumerated in counts _____ resulted in **great bodily harm to the victim.** (730 ILCS 5/3-6-3(a)(iii) ).
☐ The Court further finds that the defendant meets the eligibility requirements and is approved for placement in the **impact incarceration** program. If the Department accepts the defendant and determines that the defendant has successfully completed the program, the sentence shall be reduced to time considered served upon certification to the Court by the Department that the defendant has successfully completed the program. **Written consent is attached.**
☐ The court further finds that offense was committed as a result of the use of, abuse of, or addiction to alcohol or a controlled substance.
☐ IS FURTHER ORDERED that the sentence(s) imposed on count(s) _____ be (concurrent with) (consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____ County.
☐ IT IS FURTHER ORDERED that the defendant serve ☐ 85 % ☐ 100 % of said sentence.   OCT - 5 2005
☐ IT IS FURTHER ORDERED that the Clerk of the Court deliver a certified copy of this order to the Sheriff.
☐ IT IS FURTHER ORDERED that the Sheriff take the defendant into custody and deliver him/her to the Department of Corrections which shall confine said defendant until expiration of his/her sentence or until he/she is otherwise released by operation of law.
☐ IT IS FURTHER ORDERED that _____

This order is   ( X ) effective immediately,     ( ___ ) stayed until _____

DATE: 10-4-05         ENTER  10-4-05

                      JUDGE  [signature]
                      (PLEASE PRINT JUDGE'S NAME HERE)

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT, WHEATON, ILLINOIS 60189-0707

(Pg. 5 of 8)

| CRIMINAL SENTENCE FORM | (EXHIBIT II) | 2152 (Rev. 03/05) |

**UNITED STATES OF AMERICA**
**STATE OF ILLINOIS** — **COUNTY OF DU PAGE**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

PEOPLE OF THE STATE OF ILLINOIS
-VS-
Daniel Frauenlzeder, Defendant

CASE NUMBER: 04 CF 1372-01
DCN NUMBER: _____

- ☐ Indictment
- ☐ Information
- ☐ Complaint
- ☒ Resentence

FILED 05 OCT -4 AM — CLERK OF THE 18TH JUDICIAL CIRCUIT DU PAGE COUNTY, IL

**PLEA:** ☐ NOT GUILTY  ☒ GUILTY
**FINDING OF GUILTY BY:** ☒ COURT  ☐ JURY

It is hereby ordered that the defendant is sentenced as follows:

## TYPE OF SENTENCE

- ☐ FINED TOTAL AMOUNT $_____ which includes court costs, penalties and fees as provided by statute.
- ☒ FINED $ **To Stand** plus statutory court costs and fees and the following penalties:
  - ☐ Criminal Surcharge  ☐ Court Sentence Monitoring Program
  - ☐ Driver's Education Fund  ☐ Violent Crime Victim Assistance
- ☐ COURT SUPERVISION - END DATE _____
- ☐ PROBATION _____ months END DATE _____
- ☐ CONDITIONAL DISCHARGE END DATE _____
- ☐ COUNTY JAIL _____ DAYS TO BEGIN _____
- ☐ PERIODIC IMPRISONMENT
  - ☐ Work Release Program  ☐ Weekend  ☐ YAWC
- ☒ ILLINOIS DEPARTMENT OF CORRECTIONS **3 yrs DOC**
  - ☐ Boot Camp  **CTS 41 DAYS**
- ☐ CUSTODY OF THE U.S. ATTORNEY GENERAL
- ☐ $100 SECOND OFFENDER DUI FEE (55 ILCS 5/5-1101)
- ☐ $_____ CANNABIS ADDITIONAL ASSESSMENT (720 ILCS 550/10.3)

- ☐ $_____ CONTROLLED SUBSTANCE ASSESSMENT (720 ILCS 570/411.2)
- ☐ $100 ADDITIONAL FINE FOR DOMESTIC VIOLENCE (730 ILCS 5/5-9-1.5)
- ☐ $10 ADDITIONAL FINE FOR DOMESTIC BATTERY (730 ILCS 5/5-9-1.6)
- ☐ $100 ADDITIONAL FINE FOR SEXUAL ASSAULT (730 ILCS 5/5-9-1.7)
- ☐ $100 ADDITIONAL FINE FOR TRAUMA CENTER FUNDS EMS ACT (730 ILCS 5/5-9-1.10)
- ☐ $100 ADDITIONAL FINE FOR DUI TECHNOLOGY (625 ILCS 5/11-501(J))
- ☐ STATES ATTY ALLOWED _____ DAYS PER DIEM FEE
- ☐ AMENDED CHARGE _____
- ☐ NO CREDIT FOR GOOD TIME
- ☐ NO CREDIT FOR TIME SERVED (Credit will be given unless this box is checked)

Re-SENTENCE: 720 ILCS 570/402(c) Unlawful Possession Controlled Substance CL.4 Upon finding by the Court of a willful violation, defendant's probation is revoked + D is Resentenced to 3 yrs. department of Corrections, Credit 41 days already served, costs fees + fines to stand, unsat judgment shall enter to same, with a recommendation that defendant receive drug counseling in DOC. CASE CLOSED.

Disposition of companion cases (not sentenced) _____

State's Attorney: OD
Defense Attorney: _____
Deputy Clerk: _____
Reporter: _____
Bailiff: _____

JUDGE: _____
DATE: 10-4-05
☐ Sentence Stayed Until _____
☐ Defendant released from custody _____
☐ Appearance on Return Date Required _____

CASE CLOSED  JUDGE'S INIT. OB    OCT -3 2005

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707
ORIGINAL - CIRCUIT COURT CLERK    COPIES - STATE'S ATTORNEY - DEFENDANTS ATTORNEY - BAILIFF/PROBATION - DEFENDANT

7895 MITTIMUS - FAILURE TO GIVE BAIL  (EXHIBIT II)    (pg. 6 of 8)   1041 (Rev. 01/05)

**STATE OF ILLINOIS**  
**UNITED STATES OF AMERICA**  
**IN THE CIRCUIT OF THE EIGHTEENTH JUDICIAL CIRCUIT**  
**COUNTY OF DU PAGE**

THE PEOPLE OF THE STATE OF ILLINOIS

-VS-

Daniel Frauenreder

DEFENDANT

CASE NUMBER: 04 CF 1372

**MITTIMUS FAILURE TO GIVE BAIL**

FILED 05 JUN 22 PM 4:53  
CLERK OF THE 18TH JUDICIAL CIRCUIT DU PAGE COUNTY, ILLINOIS

File Stamp Here

**TO THE SHERIFF OF DU PAGE COUNTY:**

You are hereby commanded to receive the above Defendant into your custody, and safely keep for examination or arraignment before this Court and keep until, or unless discharged by due process of law; and for so doing, this shall be your sufficient warrant.

OFFENSE: UPCS

COURT DATE: 6-23-05    TIME: 8:30 A.M., ROOM NO.: 4006

BAIL SET AT $ 10,000.00 (10%)

**Check box if status date is applicable to this Mittimus**

☐ STATUS CHECK DATE _____ AT _____ M., COURTROOM 2002

LOCATION: 505 N. COUNTY FARM ROAD, WHEATON, ILLINOIS

DATE: 6-22-05    ENTER: _____ JUDGE

---

**DEFENDANT INFORMATION**         Document Control Number _____

JUN 29 2005

Defendant's Name - Last,    First    Middle    ☐ Male ☐ Female    Race

Defendant's Address    City    State    Zip    Telephone

| Originating Department or Municipal Number: _____ | Executed the within Mittimus by taking the body of the within named Defendant and delivering to the keeper of the common jail of said County _____. |
|---|---|
| | Peace Officer: |
| Jail Number: _____ | Received the within named defendant into my custody, at the common jail of said County this ___ / ___ / ___ |
| Jailer Fee: $ _____ | Sheriff of Du Page County |

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©**  
**WHEATON, ILLINOIS 60189-0707**

ORIGINAL: CIRCUIT COURT    COPIES TO: STATE'S ATTORNEY    SHERIFF    DEFENDANT

CRIMINAL SENTENCE FORM                                    2152 (Rev. 11/99)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

EXHIBIT II)

PEOPLE OF THE STATE OF ILLINOIS

-VS-

Daniel P. Fravenreder

Defendant

CASE NUMBER: 04 CF 1372
DCN NUMBER: -D1

☒ Indictment
☐ Information
☐ Complaint
☐ Resentence

FILED 04 NOV 15 AM 9: [Clerk stamp, 18th Judicial Circuit, DuPage County]

PLEA: ☐ NOT GUILTY  ☒ GUILTY    FINDING OF GUILTY BY: ☒ COURT  ☐ JURY

It is hereby ordered that the defendant is sentenced as follows:

## TYPE OF SENTENCE

☐ FINED TOTAL AMOUNT $ _____ which includes court costs, penalties and fees as provided by statute.

☒ FINED $ 0 plus statutory court costs and fees and the following penalties: ☒ $100 Lab Fee ☒ $100 DNA Fee
  ☒ Criminal Surcharge ☐ Court Sentence Monitoring Program
  ☐ Driver's Education Fund ☐ Violent Crime Victim Assistance

☐ COURT SUPERVISION - END DATE _____
☒ PROBATION 24 months END DATE 11/13/06
☐ CONDITIONAL DISCHARGE END DATE _____
☐ COUNTY JAIL ____ DAYS TO BEGIN _____
☐ PERIODIC IMPRISONMENT
  ☐ Work Release Program ☐ Weekend ☐ YAWC
☐ ILLINOIS DEPARTMENT OF CORRECTIONS
  ☐ Boot Camp
☐ CUSTODY OF THE U.S. ATTORNEY GENERAL
☐ $100 SECOND OFFENDER DUI FEE (55 ILCS 5/5-1101)
☐ $ ____ CANNABIS ADDITIONAL ASSESSMENT (720 ILCS 550/10.3)

☒ $ 500 CONTROLLED SUBSTANCE ASSESSMENT (720 ILCS 570/411.2)
☐ $100 ADDITIONAL FINE FOR DOMESTIC VIOLENCE (730 ILCS 5/5-9-1.5)
☐ $10 ADDITIONAL FINE FOR DOMESTIC BATTERY (730 ILCS 5/5-9-1.6)
☐ $100 ADDITIONAL FINE FOR SEXUAL ASSAULT (730 ILCS 5/5-9-1.7)
☐ $100 ADDITIONAL FINE FOR TRAUMA CENTER FUNDS EMS ACT (730 ILCS 5/5-9-1.10)
☐ $100 ADDITIONAL FINE FOR DUI TECHNOLOGY (625 ILCS 5/11-501(J))
☐ STATES ATTY ALLOWED ____ DAYS PER DIEM FEE
☐ AMENDED CHARGE _____
☐ NO CREDIT FOR GOOD TIME
☐ NO CREDIT FOR TIME SERVED (Credit will be given unless this box is checked)

C1.4

SENTENCE: Unlawful Possession of Controlled Substance 720 ILCS 570/402(c) Upon the defendant's voluntary plea of guilty and finding of guilt by the court the defendant is sentenced as follows: Conviction to enter; 0 fine plus court costs; $500 Controlled Substance Assessment; $100 Lab fee; 24 months probation with specialized drug program as condition; Any & job counseling deemed appropriate through probation

Disposition of companion cases (not sentenced) _____

State's Attorney: SL
Defense Attorney: PD - Miller
Deputy Clerk: Mike S.
Reporter: _____
Bailiff: Brad C

JUDGE: [signature]
DATE: 11/15/04
☐ Sentence Stayed Until _____
☐ Defendant released from custody _____
☒ Appearance on Return Date Required 11/13/06

JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707                    NOV 1 6 2004
ORIGINAL - CIRCUIT COURT CLERK   COPIES - STATE'S ATTORNEY - DEFENDANTS ATTORNEY - BAILIFF/PROBATION - DEFENDANT

MITTIMUS - FAILURE TO GIVE BAIL                                                1041 (Rev. 7/00)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

THE PEOPLE OF THE STATE OF ILLINOIS

-VS-

Daniel FrayenReden

DEFENDANT

CASE NUMBER: 04 CF 1372

**MITTIMUS FAILURE TO GIVE BAIL**

FILED 04 MAY 22 AM 9:42 CLERK OF THE 18TH JUDICIAL CIRCUIT DuPAGE COUNTY ILLINOIS

File Stamp Here

## TO THE SHERIFF OF DU PAGE COUNTY:

You are hereby commanded to receive the above Defendant into your custody, and safely keep for examination or arraignment before this Court and keep until, or unless discharged by due process of law; and for so doing, this shall be your sufficient warrant.

OFFENSE: UPCS

COURT DATE: 6/14/04     TIME: 1:30     M., ROOM NO. 4006

LOCATION: 505 N. County Farm Road, Wheaton, Illinois     BAIL SET AT $ 10,000.00

Check box if status date is applicable to this Mittimus

☐ STATUS CHECK DATE _____ AT _____ M., COURTROOM 1000

LOCATION: 501 N. County Farm Road, Wheaton, Illinois (Sheriff's Office)

DATE: 5/22/04     ENTER: [signature] JUDGE

### DEFENDANT INFORMATION

Document Control Number _____

Defendant's Name - Last, First, Middle    ☐ Male    ☐ Female    Race

Defendant's Address    City    State    Zip    Telephone

**Originating Department or Municipal Number:** _____

**Jail Number:** _____

**Jailer Fee:** $ _____

Executed the within Mittimus by taking the body of the within Defendant and delivering to the keeper of the common jail of said County _____ .

Peace Officer: _____

Received the within named defendant into my custody, at the common jail of said County this ___/___/___

MAY 24 2004

Sheriff of DuPage County

JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707
ORIGINAL: CIRCUIT CLERK    COPIES TO: STATE'S ATTORNEY    SHERIFF    DEFENDANT

IMAGED 5/25/2004

(Exhibit III pg. 2 of 2)

conditions that amount to Punishment of the detainee's violate Due Process.

"The court explained that there is a difference between Punishment, which is unconstitutional and Regulations that, while unpleasant, have a valid administrative of security purpose.

It held that Restraints that are Reasonably Related to the Institution's interest in maintaining jail security do not without more, constitute unconstitutional punishment even if they cause discomfort.

You can prove that poor conditions, or Restrictive Regulations are Really punishment in two Different ways.

1) By Showing that the prison administration, or individual guard to punish you.

2) By Showing that the Regulation is not Reasonably Related to a legitmate goal, either because it doesn't have any purpose, or because it is overly Restrictive, or an exaggerated Response to a real concern.

(Exhibit III pg 1 of 2)

## The Rights of Pre-trial Detainees

The Basics; Pre-trial detainees have more of the same rights than as Prisoners.

Not everybody who is incarcerated in a prison, or Jail has been convicted. Many people are held in Jail before their trial, that special issues are with respect to those "pre-trial detainees".

As you know from the above sections, the Eighth Amendment prohibits cruel and unusually punishment of people who have already been convicted.

Since detainees are considered innocent until proven guilty however they may not be punished at all. One legal result of this is that conditions for pre-trial detainees are reviewed under the Fifth and Fourteenth Amendment Due Process Clause as opposed to the Eighth Amendment prohibition of cruel and unusually punishment.

"The most important case for pre-trial detainees is Bell v.s. Wolfish, 441 U.S. 520 (1979) which was a challenge to the conditions of confinement in a federal Jail in New York.

In Bell, the Court held that only Jail
(Next Page)

(Exhibit IV pg 102)

the Sixth Circuit emphatically rejected a defendant's argument that plaintiffs seeking to recover for non-physical injury must show "severe emotional distress," just as it is required for the tort of intentional infliction of emotional distress.[10] In so doing, the court observed that every other circuit facing the issue had agreed that awards for mental suffering could be made even if pain was not "severe." In short, the tort of intentional infliction of emotional distress was irrelevant, even if the particular § 1983 claim resembled that tort.

In a Seventh Circuit case, later overturned on other grounds, in which the plaintiff's decedent was unconstitutionally shot to death by a police officer, the court ruled that damages for the loss of decedent's life could include the *hedonic* or pleasurable value of his life.[11] Such damages were not speculative, even though the measure of such damages might be somewhat uncertain. Thus, an economist's expert testimony on this element of damages was properly admissible and the jury's compensatory damages award, which included $850,000 for loss of life, was upheld.

In contrast, in a case in which a police officer unconstitutionally shot and killed plaintiff's decedent in the course of a burglary, the Eighth Circuit, relying on a decision of the Nebraska Supreme Court,[12] ruled that the district court did not err in refusing to instruct the jury that decedent's estate

---

plaintiff was considered within these categories, and not those of community reputation and loss of reputation. There was "virtually no evidence" of the latter.

See § **4:27** for further discussion of injury to reputation in a procedural due process setting.

[10]Chatman v. Slagle, 107 F.3d 380 (6th Cir. 1997). Similarly, in Bloch v. Ribar, 156 F.3d 673 (6th Cir. 1998), the Sixth Circuit emphatically rejected the defendant's position that a First Amendment retaliation claim requires a specific and visible injury or harm. According to the court, the plaintiff's allegation of injury based on embarrassment, humiliation and emotional distress was sufficient to state a claim under § 1983. This was consistent with language in Supreme Court opinions and was the rule in the circuits as well.

[11]Sherrod v. Berry, 827 F.2d 195 (7th Cir. 1987), rev'd on reh'g en banc, 856 F.2d 802 (7th Cir. 1988).

[12]Anderson By and Through Anderson/ Couvillon v. Nebraska Dept. of Social Services, 248 Neb. 651, 538 N.W.2d 732 (1995).

cases, reflecting that what a plaintiff in fact lost was "a chance to compete on fair footing, not the promotion itself," can, according to the Seventh Circuit, be awarded as actual damages under the loss-of-a-chance doctrine.[7] Actual damages also can include general damages for mental anguish and for physical pain and suffering; however, according to the Fifth Circuit, these elements should not be bifurcated.[8] The Fifth Circuit observed in the same case that because injury to reputation is a compensable psychic injury, it should be included within the general charge for emotional distress where the evidence is sufficient to show such harm.[9]

With respect to general damages, it is worth noting that

---

The Eleventh Circuit said the following about compensatory damages:

> In the case of a temporary regulatory taking, the landowner's loss takes the form of an injury to the property's potential for producing income or an expected profit. The landowner's compensable interest, therefore, is the return on the portion of fair market value that is lost as a result of the regulatory restriction. Accordingly, the landowner should be awarded the market rate return computed over the period of the temporary taking on the difference between the property's fair market value without the regulatory restriction and its fair market value with the restriction.

See § 3:68 on due process and taking law.

[7] Alexander v. City of Milwaukee, 474 F.3d 437, 449, 99 Fair Empl. Prac. Cas. (BNA) 961, 89 Empl. Prac. Dec. (CCH) P 42671 (7th Cir. 2007). In this case, the plaintiffs, white male police officers, prevailed in part on their claims that a city and its officials discriminated against them by favoring women and minorities, and were awarded compensatory damages. Although the court overturned the jury's compensatory awards because it was improperly instructed on the application of the loss of a chance doctrine, the Seventh Circuit made clear that in its circuit the doctrine applied to damages awards to plaintiffs in competitive-promotion employment discrimination cases.

[8] In overturning a jury verdict in favor of the plaintiff who claimed that she had been discharged from a city library in violation of procedural due process, the Fifth Circuit, remanding, ruled that it was error for the district court to have bifurcated damages for mental anguish and for physical pain and suffering. The court read *Carey* and *Stachura* as prohibiting "[t]wo bites of the apple for this type of injury." Fowler v. Carrollton Public Library, 799 F.2d 976 (5th Cir. 1986).

[9] In Sims v. Mulcahy, 902 F.2d 524 (7th Cir. 1990), the Seventh Circuit upheld the district court's refusal to instruct the jury that it could award damages for community reputation and loss of reputation arising out of defendant's violation of plaintiff's Fourth Amendment rights when he entered plaintiff's apartment. Emphasizing that instructions must be evaluated in their entirety, the court noted that the instructions actually given referred to damages for "mental anguish," "loss of enjoyment of life," "emotional strain," and "mental suffering." The evidence presented by the