UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Daniel Frauenreder,
    Plaintiff,

v.      08-1093

Patrick Durkin, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

    Before the court are the defendants, Patrick Durkin, Edward Bowers, Geraldine Tyler, Craig Findley, Jesse Madison, Normal Sula and Thomas Johnson's summary judgment motion [59], memorandum of law [60] and the plaintiff's response [62]. Defendants move for summary judgment pursuant to Fed. R. Civ. Pro. Rule 56.

Standard

    Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

    "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(c). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply

evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc*., 176 F.3d 390, 390 (7th Cir. 1999). Failure by the non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659. It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. Keri v. Barod of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir.2006)(*citing Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997).

Background

Plaintiff brought this lawsuit complaining that he was held in the Illinois Department of Corrections 137 days longer than he should have been. Specifically, on August 23, 2006, Plaintiff was released to serve one year Mandatory Supervised Release. Plaintiff was then arrested on October 26, 2006 for Predatory Criminal Sexual Assault. It was not determined that Plaintiff was in violation of his MSR until Plaintiff was seen by the Prisoner Review Board on January 3, 2008. After Plaintiff was declared a violator, he was released back to Cook County Jail where charges for Predatory Criminal Sexual Assault were pending. Plaintiff believes that he is entitled to compensation for every day he spent incarcerated from August 23, 2007 (his original discharge date) to January 7, 2008 (the date he was released to Cook County Jail).

Undisputed Material Facts[1]

1. Plaintiff is an inmate currently incarcerated at Hill Correctional Center. (Complaint [1].
2. On October 5, 2005, in Dupage County case number 04-CF-1372, Plaintiff was sentenced to three years incarceration for possession of a controlled substance. (Exhibit A, and Exhibit B - Plaintiff's Dep at 9).
3. Plaintiff was also required to serve one year of Mandatory Supervised Release ("MSR"). (Plaintiff's Dep at 9).

---

[1]Exhibits can be found attached to the defendants' memorandum of law [60].

2

4. Based on Plaintiff's August 23, 2005 custody date, Plaintiff was scheduled to be released on MSR on August 23, 2006 (after accumulation of day for day credit and good time). (Plaintiff's Dep at 11).
5. Plaintiff was released on August 23, 2006 to serve one year of MSR. (Plaintiff's Dep at 11).
6. Two months into his MSR, on October 26, 2006 Plaintiff was arrested for Predatory Criminal Sexual Assault. (Plaintiff's Dep. at 11).
7. An arrest warrant was issued for Plaintiff on the same day, October 26, 2006. (Exhibit C).
8. After his arrest, Plaintiff was taken to Cook County jail for four days. (Plaintiff's Dep at 12).
9. Plaintiff was taken into IDOC custody at Stateville Correctional Center on October 31, 2006. (Plaintiff's Dep at 12, 13).
10. Plaintiff was scheduled to see the Prisoner Review Board on January 3, 2007. This hearing was continued. (Exhibit D).
11. Plaintiff was next scheduled to see the PRB on February 6, 2007. This hearing was continued because Plaintiff was out on a court writ. (Exhibit D).
12. Plaintiff was scheduled to see the PRB on April 16, 2007. This hearing was continued because Plaintiff was on a writ. (Exhibit D).
13. Plaintiff was scheduled to see the PRB on May 8, 2007. This hearing was continued at Plaintiff's request. (Exhibit D).
14. Plaintiff was scheduled to see the PRB on July 17, 2007. This hearing was continued at Plaintiff's request. (Exhibit D).
15. Plaintiff was scheduled to see the PRB on August 7, 2007. This hearing was continued because Plaintiff was on a writ. (Exhibit D).
16. Plaintiff was scheduled to see the PRB on September 4, 2007. This hearing was continued at Plaintiff's request. (Exhibit D).
17. Plaintiff was scheduled to see the PRB on October 2, 2007. This hearing was continued because Plaintiff was on a writ. (Exhibit D).
18. Plaintiff was scheduled to see the PRB on November 6, 2007. This hearing was continued because Plaintiff was on a writ. (Exhibit D).
19. Plaintiff had no objection to any of these hearings being continued. (Plaintiff's Dep at 22).
20. Plaintiff was scheduled to see the PRB on January 3, 2008. At that time Plaintiff was found to be in violation of the conditions of his release and was declared a violator as of October 26, 2007. (Exhibit D).
21. Plaintiff's sentence was then recalculated on January 3, 2008, to give a discharge date of March 24, 2007. (Exhibit E).
22. On January 7, 2008, Plaintiff was released from IDOC to Cook County Jail.
23. In May of 2008, Plaintiff was convicted of Predatory Criminal Sexual Assault in Cook County case number 2006CR2634301 (Plaintiff's Dep at 24).
24. On July 2, 2008, Plaintiff was sentenced to twelve years, and was credited with 617 days for time actually served. (Exhibit F).
25. Plaintiff's sentence was calculated on July 30, 2008, showing that Plaintiff was credited

3

with 617 days, going back to October 15, 2006. (Exhibit G).
26. Plaintiff filed this lawsuit because he "was trying to get out on August 23, 2007 from Galesburg, and they denied me." (Plaintiff's Dep at 28).
27. Plaintiff claims "they didn't find my out date fast enough. They kept me in IDOC 137 days longer than I was supposed to be there. They should have had that information when I first got resentenced that my out date was August 23, 2007." (Plaintiff's Dep at 33).
28. Plaintiff claims he was harmed by stress. (Plaintiff's Dep at 40).
29. Plaintiff did not suffer any physical injury. (Plaintiff's Dep at 41).
30. The injury Plaintiff is claiming is an emotional injury. (Plaintiff's Dep at 41).
31. Patrick Durkin is a counselor at Hill Correctional Center. (Exhibit H).
32. Durkin does not have the authority to calculate inmates' sentences or order that they be released from incarceration. (Exhibit H).
33. Plaintiff claims he wrote a grievance on this issue to Patrick Durkin. (Plaintiff's Dep at 30, 31).
34. Plaintiff admittedly did not appeal this grievance to the Administrative Review Board, because he did not know he had to. (Plaintiff's Dep at 31).

Discussion and Conclusion of Law

Detaining an inmate in prison longer than he should have been, due to the deliberate indifference of prison officials, can establish a violation of the Eighth Amendment. *Burke v. Johnston*, 452 F. 3d 665, 667 (7th Cir, 2006). The court agrees with Defendants that this is not the case here. Plaintiff was not incarcerated longer than he should have been, nor did any Defendants act with deliberate indifference. In this case, Plaintiff is an inmate currently incarcerated at Hill Correctional Center. On October 5, 2005, in Dupage County case number 04-CF-1372, Plaintiff was sentenced to three years incarceration for possession of a controlled substance. Plaintiff was also required to serve one year of Mandatory Supervised Release ("MSR"). Based on Plaintiff's August 23, 2005 custody date, Plaintiff was scheduled to be released on MSR on August 23, 2006 (after accumulation of day for day credit and good time). Plaintiff was released on August 23, 2006 to serve one year of MSR. However, only two months into his MSR, on October 26, 2006 Plaintiff was arrested for Predatory Criminal Sexual Assault. An arrest warrant was issued for Plaintiff on the same day, October 26, 2006. The issuance of this arrest warrant tolled the running of Plaintiff's sentence. "The issuance of a warrant of arrest for an alleged violation of the conditions of parole or mandatory supervised release shall toll the running of the term until the final determination of the charge." 730 ILCS 5/3-3-9(b). Therefore, Plaintiff's sentence was tolled until he could go before the Prisoner Review Board.

After his arrest, Plaintiff was taken to Cook County jail for four days then taken into IDOC custody on October 31, 2006. Plaintiff was scheduled to see the Prisoner Review Board on January 3, 2007. This hearing was continued. No explanation for the continuance was provided by Defendants. Plaintiff was next scheduled to see the PRB on February 6, 2007. This hearing was continued because Plaintiff was out on a court writ. Plaintiff was scheduled to see the PRB on April 16, 2007. This hearing was continued because Plaintiff was on a writ. Plaintiff

4

was scheduled to see the PRB on May 8, 2007. This hearing was continued at Plaintiff's request. Plaintiff was scheduled to see the PRB on July 17, 2007. This hearing was continued at Plaintiff's request. Plaintiff was scheduled to see the PRB on August 7, 2007. This hearing was continued because Plaintiff was on a writ. Plaintiff was scheduled to see the PRB on September 4, 2007. This hearing was continued at Plaintiff's request. Plaintiff was scheduled to see the PRB on October 2, 2007. This hearing was continued because Plaintiff was on a writ. Plaintiff was scheduled to see the PRB on November 6, 2007. This hearing was continued because Plaintiff was on a writ. Plaintiff had no objection to any of these hearings being continued. Plaintiff was scheduled to see the PRB on January 3, 2008. At that time Plaintiff was found to be in violation of the conditions of his release and was declared a violator as of October 26, 2007. On January 3, 2008, Plaintiff's sentence was recalculated to give Plaintiff a discharge date of March 24, 2007. On January 7, 2008, Plaintiff was released from IDOC to Cook County Jail. Plaintiff filed this lawsuit because he "was trying to get out on August 23, 2007 from Galesburg, and they denied me." Plaintiff claims, "they didn't find my out date fast enough. They kept me in IDOC 137 days longer than I was supposed to be there. They should have had that information when I first got resentenced that my out date was August 23, 2007."

Apparently, Plaintiff thinks that because he was released on MSR on August 23, 2006, he would be discharged from IDOC on August 23, 2007 regardless of what happened while he was on MSR. Plaintiff is incorrect. "The issuance of a warrant of arrest for an alleged violation of the conditions of parole or mandatory supervised release shall toll the running of the term until the final determination of the charge." 730 ILCS 5/3-3-9(b). In this case, an arrest warrant was issued on October 26, 2006. Plaintiff's PRB hearings were continued for various reasons until January 3, 2008. On that date, Plaintiff was declared an MSR violator. Plaintiff was then released to Cook County jail, where he had pending charges for criminal sexual assault. Because Plaintiff's sentence was tolled, under Illinois Law, until Plaintiff was declared an MSR violator by the PRB, Plaintiff did not serve any more time than he was required to.

Furthermore, Plaintiff was given credit on his current sentence for the 137 days at issue. In May of 2008, Plaintiff was convicted of Predatory Criminal Sexual Assault in Cook County case number 2006CR2634301. On July 2, 2008, Plaintiff was sentenced to twelve years, and was credited with 617 days for time actually served. Plaintiff's sentence was calculated on July 30, 2008, showing that Plaintiff was credited with 617 days, going back to October 15, 2006. Plaintiff believes he is entitled to compensation for 137 days from August 23, 2007 to January 7, 2008. However, Plaintiff received credit on his current sentence for these days, and in fact, days going all the way back to October 15, 2006. Because an Eighth Amendment violation requires Plaintiff to be incarcerated longer then he should have, Plaintiff is not entitled to any relief.

Plaintiff's claims against Defendant Durkin fails for two reasons. First, Plaintiff failed to exhaust his administrative remedies as to Defendant Durkin. Pursuant to the Prison Litigation Reform Act, all prison inmates bringing an action under 42 U.S.C. §1983, with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. (42 U.S.C. §1997e(a)). Section 1997e(a) specifically provides:

5

> No action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. §1997e(a).

Section 1997e(a)'s exhaustion requirement is mandatory and applies to all prisoners seeking redress for wrongs occurring in prison. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, (2002). A district court lacks discretion to resolve a claim on the merits unless a prisoner has exhausted all administrative remedies available to him. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir.1999). Defendant Durkin is the only Defendant employed by the Department of Corrections. The remaining Defendants are members of the Prisoner Review Board. Plaintiff claims he wrote a grievance on this issue to Patrick Durkin. Plaintiff admittedly did not appeal this grievance to the Administrative Review Board, because he did not know he had to. Therefore, Plaintiff has failed to exhaust his administrative remedies as to Patrick Durkin.

Second, Defendant Durkin had no personal involvement in calculating Plaintiff's sentence. Defendants in a suit brought pursuant to 42 U.S.C. § 1983 can only be held liable for their individual wrongdoing. *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985). To be personally involved, defendants must act (or fail to act) with a deliberate or reckless disregard of the plaintiff's constitutional rights or must direct or knowingly consent to the conduct alleged to constitute the violation. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). "Section 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Defendant Durkin is a counselor at Hill Correctional Center with no authority to calculate Plaintiff's sentence or to order that he be discharged from the Illinois Department of Corrections. Further, the record before this court demonstrates that Durkin was not involved in the calculation of Plaintiff's sentence.

It is therefore ordered:

1. Pursuant to Federal Rule of Civil Procedure Rule 56, the defendant's motion for summary judgment is granted [59]. The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff. Any pending motions are denied as moot, and this case is terminated in its entirety, with the parties to bear their own costs. Although his lawsuit is dismissed, Plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1)
2. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 22nd day of March 2011.

           /s/ Joe B. McDade
        _____
            Joe B. McDade
         Senior United States District Judge